USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   UNITED STATES OF AMERICA,         :
                                                               :
               -against-                         :
                                                               :
   TIMOTHY LANGS,                        :            1:18-cr-235-GHW
                                                              :
                   Defendant.               :                 ORDER
------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      On April 6, 2020, the Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 140. That application is denied without prejudice. The Court is empathetic to Mr. Langs' concerns in light of COVID-19, but does not believe that should take up this application until the statutory preconditions have been satisfied.

      18 U.S.C. § 3582(c)(1)(A) reads in pertinent part as follows: "The court *may not* modify a term of imprisonment once it has been imposed *except that* . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ." *Id.* (emphasis added). The language of this provision ("[t]he court may not") expressly prohibits the Court from granting relief unless the statutory preconditions are satisfied. Congress' intent is best discerned from the text of the statute that it passed, and this statute prohibits the Court from acting except upon satisfaction of the conditions laid out in it. Because the statute expressly bars the court from taking action absent satisfaction of those conditions, it is unlike the administrative exhaustion requirement evaluated by the Supreme Court in *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.

Ct. 2022, 2029, 90 L. Ed. 2d 462 (1986).

The Court would particularly benefit from the broader perspective of the BOP, should it make a motion, given the nature of Mr. Langs' offense conduct, his criminal history, and the amount of time remaining on his mandatory minimum five year sentence.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 140.

SO ORDERED.

Dated: April 6, 2020

_____
GREGORY H. WOODS
United States District Judge